**SHU QUAN HUANG, Petitioner,**

v.

**Michael B. MUKASEY,[1] Attorney General, Respondent.**

**No. 07–1743–ag.**

United States Court of Appeals, Second Circuit.

Feb. 7, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

G. Victoria Calle, New York, NY, for petitioner.

Peter D. Keisler, Asst. Atty. General, Civil Division, Russell Verby, Senior Litigation Counsel, Robbin K. Blaya, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Shu Quan Huang, a native and citizen of the People's Republic of China, seeks review of a March 29, 2007 order of the BIA affirming the September 7, 2005 decision of Immigration Judge ("IJ") Steven R. Abrams denying Huang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shu Quan Huang,* No. A 98 580 401 (B.I.A. Mar. 29, 2007), *aff'g* No. A 98 580 401 (Immig. Ct. N.Y. City Sept. 7, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and

remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). We review de novo questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

■ Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). "Questions of law" encompass the same issues traditionally reviewed by courts in habeas petitions challenging Executive detentions. *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 326–27 (2d Cir.2006). Huang argues that the IJ erred by finding his testimony concerning his date of entry not credible because the IJ inaccurately identified an inconsistency between his testimony and that of his witness. Huang also contends that the IJ's rationale for finding it implausible that he would obtain a receipt for a prescription for cold medicine was flawed. However, these arguments challenge only "the correctness of the [IJ's] factual findings" with respect to whether he established his claimed date of entry into the United States. *See id.* at 329; *see also Gui Yin Liu v. INS,* 508 F.3d 716 (2d Cir.2007) (concluding that the IJ did not "unambiguous[ly] mischaracterize" the record so as to raise a question of law). Accordingly, as the Government correctly asserts, we are without jurisdiction to review Huang's challenge to the agency's pretermission of his asylum claim. *See* 8 U.S.C. § 1252(a)(2)(D). We therefore dismiss the petition for review to that extent.

■ We also find that the denial of withholding of removal was proper. In *Shi Liang Lin,* this Court concluded that the statutory scheme under IIRIRA § 601(a) "unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." 494 F.3d at 308. Thus, even assuming credibility, Huang was not entitled to withholding of removal based solely on his wife's forced abortion, regardless of their marital status. Moreover, Huang does not allege, nor is there any indication in the record, that he was persecuted for his own resistance to a coercive population control program. 8 U.S.C. § 1101(a)(42)(B). The BIA has stated that the term "resistance" includes, but is not limited to, "expressions of general opposition, attempts to interfere with enforcement of government policy ... and other overt forms of resistance of the family planning law." *Matter of S–L–L,* 24 I. & N. Dec. 1, 10 (BIA 2006). Here, Huang testified that he was fined 3,000 RMB for the birth of his son prior to registration of his marriage, and that he paid the fine the same day. In addition, he testified that when birth control officials "dragged" his wife away for an abortion, he "tried to resist, struggle," but that two cadres held him down. Even assuming that his conduct constituted other resistance, Huang denied ever having been fined or arrested for such resistance. Moreover, the harm described by Huang with respect to the fine, without further explanation as to the economic impact of the fine, did not amount to persecution.

**142**

See *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (holding that to constitute persecution, the harm must rise above "mere harassment"); *Matter of T–Z–,* 24 I. & N. Dec. 163, 169 (BIA 2007).[2]

■ Finally, because Huang fails to meaningfully challenge in his brief to this Court the agency's denial of his CAT claim, any such challenge is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

2. Although the agency's decision rested on credibility grounds, we need not reach that finding where, even if that finding was improper, remand would be an "idle and useless formality." *See N.L.R.B. v. Wyman–Gordon Co.,* 394 U.S. 759, 766 n. 6, 89 S.Ct. 1426, 22 L.Ed.2d 709 (1969). To the extent that this Court applies the law in effect at the time of the decision, *N.L.R.B. v. Coca–Cola Bottling Co.,* 55 F.3d 74, 78 (2d Cir.1995), we apply our holding in *Shi Liang Lin* and deny the petition for review.

